UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROLAND GARRETT,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Civil Action No. 25-13833-MJJ |

## MEMORANDUM AND ORDER

**JOUN, D.J.**

　　　　Plaintiff Roland Garrett, who is representing himself, has filed a civil complaint against the United States Social Security Administration ("SSA") in which he alleges that the agency wrongfully terminated his Social Security benefits. Garrett has also filed a motion for leave to proceed *in forma pauperis* and motion for injunctive relief. For the reasons stated below, the Court will grant the motion for leave to proceed *in forma pauperis*, deny in part the motion for injunctive relief and order that the complaint and emergency motion be transmitted to the SSA. The Court will also dismiss any claims for damages.

**I.　　MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

　　　　Upon review of Garrett's motion for leave to proceed *in forma pauperis*, the Court GRANTS the same.

**II.　　REVIEW OF THE COMPLAINT**

　　　　Because Garrett is proceeding without prepayment of the filing fee, his complaint is subject to a preliminary screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the

action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In conducting this review, the Court liberally construes Garrett's complaint because he is proceeding *pro se*.

### A.   Plaintiff's Complaint

Plaintiff filed his complaint on the preprinted Pro Se 2 form (Complaint and Request for Injunction). [Doc. No. 1]. Plaintiff's statement of his claim consists of the following:

> On 12-23-2025, defendant schedule a termination of all the plaintiff state and federal services in Massachusetts for January 1, 2026, without warning, or notice.

[*Id*. at ¶ III(A)]. Plaintiff explains that he "can't pay rent, [and he is] facing eviction." [*Id.* at ¶ IV (irreparable injury)]. In his prayer for relief, Garrett requests $"50,000.00." [*Id.* at ¶ V (relief)]. On his civil cover sheet, Garrett states that he is "trying to stop SSA from terminating [his] services." [Doc. No. 1-2].

### B.   Sovereign Immunity of the United States

The United States—including its agencies—has sovereign immunity from suit unless such immunity has been waived. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). A federal agency's waiver of immunity must be "unequivocally expressed" and will be strictly construed in favor of immunity. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 95 (1990)).

The Social Security Act contains a very narrow waiver of sovereign immunity of the SSA. *See* 42 U.S.C. §§ 405(g), (h).  Under 42. U.S.C. § 405(g) ("§ 405(g)"), an individual may seek judicial review of a "final decision" of the Commissioner of the SSA Administration. *See* 42 U.S.C. § 405(g). A "final decision" arises when (1) the Appeals Council of the SSA denies an individual request for further review of the decision of the administrative law judge; or (2) the

Appeals Council does decide to review the individuals claims and issues its decision. *See* 20 C.F.R. §§ 404.900(a), 404.981; *see also Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). Thereafter, a civil action for judicial review of the final decision must be initiated within 60 days of the final decision. *See* 20 C.F.R. §§ 404.981, 422.210.[1]

Here, it is unclear whether Garrett has exhausted his administrative remedies with regard to the termination of the benefits he now seeks. Nonetheless, because the SSA can provide this information, the Court will order the Clerk to transmit this action to the SSA pursuant to Rule 3 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g).

### C. Claims for Damages

To the extent that Garrett seeks relief other than the benefits allegedly due to him, the complaint fails to state a claim upon which relief may be granted. Section § 405(g) does not contain a damages remedy, and it is the exclusive method "to recover on any claim arising under" the Social Security Act. 42 U.S.C. § 405(h) ("§ 405(h)") ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter."). Where a plaintiff challenges any misconduct related to the denial of Social Security benefits, the plaintiff's remedy is limited to the benefits (if any) that were wrongly denied. *See, e.g.*, *Schweiker v. Chilicky*, 487 U.S. 412, 424-25 (1988) (holding that the Social Security Act does not contain a "remedy in damages for emotional distress or for other hardships suffered" from mishandling of claim, and refusing to create *Bivens* remedy precludes a cause of action for

---

[1] Though this sixty-day limit is non-jurisdictional, it is a condition on the waiver of sovereign immunity and, thus, is strictly construed. *See Bowen v. City of New York*, 476 U.S. 467, 479 (1986). The limitations period, however, is subject to equitable tolling if the requirements of that doctrine are satisfied. *See id.* at 479–80.

money damages for unconstitutional conduct that led to the wrongful denial of benefits); *Weinberger v. Salfi*, 422 U.S. 749, 756-61 (1975) (§ 405(h) bars federal-question jurisdiction of any claim arising under Social Security Act except pursuant to § 405(g)); *Toth v. Comm'r of Soc. Sec.*, 705 Fed. App'x 138 (3d Cir. 2017) (per curiam) (§ 405(h) precludes claim under the Federal Tort Claims Act for the SSA's alleged wrongful denial of benefits).

### III.   CONCLUSION

In accordance with the foregoing, the Court hereby orders:

1.   The motion for leave to proceed *in forma pauperis* is <u>GRANTED</u>.

2.   The emergency motion is <u>DENIED</u> in part as to the request for a temporary restraining order.  The request for preliminary injunction remains under advisement and on or before January 14, 2026, Defendant must respond to Garrett's request for preliminary injunction.

3.   The Clerk shall transmit the complaint and emergency motion to the SSA pursuant to Rule 3 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g).  Garrett is not required to serve a summons and complaint.  *See* Rule 3 of the Supplemental Rules for Social Security Actions.

4.   Any claims for monetary damages are <u>DISMISSED</u>.

SO ORDERED.

Dated:  December 31, 2025                                                   /s/ Myong J. Joun
                                                                MYONG J. JOUN
                                                                 United States District Judge